IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Victoria Grant,<br><br>          Plaintiff,<br><br>     v.<br><br>Florence County Government, Florence County Magistrate Division,<br><br><br>          Defendant | Case No.:<br><br>     **COMPLAINT**<br>Jury Trial Requested |

## **INTRODUCTION**

Plaintiff Victoria Grant, by and through her undersigned counsel, brings the Causes of Action of Race Discrimination/ Racially Hostile Work Environment, Retaliation pursuant to Title VII of the Civil Rights Act of 1964, and Breach of Contract against Defendant Florence County Government/ Florence County Magistrate Division, based on the following allegations.

## **ADMINISTRATIVE CHARGE**

1. Plaintiff has exhausted all administrative remedies and prerequisites prior to filing this lawsuit, including timeliness, deferral, and all other jurisdictional requirements necessary for the maintenance of this Action, as described below:

a. Plaintiff received a Notice of Right to Sue from the EEOC on March 31, 2026.

b. Plaintiff has timely filed this action within (90) days from the date on which she received her Notice of Right to Sue as described in Paragraph 1(a).

## **JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Section 2000e (5), this being a proceeding to enforce rights and remedies

secured under 42 U.S.C. Section 2000(e) et. seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec. 1981, and other Federal statutes. This Court also has pendant, ancillary, and supplementary jurisdiction over so much of this action as it is based on State law.

3. Venue is proper in the Florence Division, because the Causes of Action arose in Florence County, which is therein the Florence Division. The acts and practices complained of occurred in Florence County and Florence County is where the Defendant Florence County Government/ Florence County Magistrate Division is situated, does business, and may be found.

## PARTIES

4. Plaintiff Victoria Grant is a citizen of the United States and resides in Florence, South Carolina.

5. Defendant Florence County Government/ Florence County Magistrate Division (hereinafter "Florence County" or "Defendant") is a unit of the State of South Carolina with its principal location at 180 North Irby Street, Florence, South Carolina 29501. Defendant is a government entity, as defined in S.C. Code Ann. §15-78-30 which is administered in Florence County, South Carolina. At all times relevant to this Complaint, Defendant was acting by and through its Agents, Servants, and Employees.

## FACTS

6. Plaintiff is a 36 year old African American Female who was Clerk of Court for the Florence County Magisterial Judicial System until her racially motivated termination by Chief Judge David Kelley (WM) on September 24, 2024.

7. The Florence County Human Resource Division condoned the racially discriminatory actions of Chief Judge Kelley and confirmed the termination of Plaintiff on September 26, 2024.

8. Plaintiff has been employed with Florence County Government in various capacities to include Legal Records Clerk, Deputy Clerk of Court I. and II., and Clerk of Court for the Defendant.

9. Plaintiff commenced her work career with Florence County in 2009 and all of her evaluations prior to her abrupt and racially motivated termination by Chief Judge Kelley were outstanding under the administration of both Caucasian and African American Chief Magistrate Judges who were female.

10. Plaintiff asserts that Chief Judge Kelley's motivation for firing her is solely because of her race and sex.

11. Plaintiff alleges that she has had limited interaction with Chief Judge Kelley but on those occasions his demeanor, remarks, and interactions with her have been racially hostile.

12. In addition, Plaintiff asserts that she had an encounter with Chief Judge Kelley which resulted in her filing a complaint against him through the Florence County Human Resource Department which resulted in a mediated resolution that she should not and would not be required to work with Chief Judge Kelley.

13. Plaintiff believes that Chief Judge Kelley's actions shortly after being appointed as Chief Judge was in retaliation for her exercising her legally protected rights as an employee of Florence County.

14. Plaintiff has support from prior Chief Judges who are appalled at the actions of Chief Judge Kelley and a current Magistrate who will testify that Plaintiff's termination was unjustified.

15. Plaintiff states she attempted to exercise her internal grievance rights but was told on September 26, 2024 that she had no Due Process Rights due to Kelley being an appointed official.

16. Plaintiff refutes that assertion and believes that Florence County Government did nothing to stop Chief Judge Kelley's unlawful actions.

17. Therefore, Plaintiff states that she has been a victim of unlawful discrimination based upon her race and sex under Title VII of the 1964 Civil Rights Act as amended.

18. In addition, Plaintiff asserts she has been a victim of retaliation as Chief Judge Kelley fired her pretextually citing disciplinary action as a sole reason for her termination when no disciplinary action was ever verified by written warnings or verbal counseling as Chief Judge Kelley had little to no time to evaluate the standards of her work and in fact circumvented her authority as Clerk by undermining her position and refusing to communicate with her directly until the day he called her into his office and terminated her.

## **FIRST CAUSE OF ACTION**

### *RACE DISCRIMINATION/ RACIALLY HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964*

**(Against Defendant Florence County Government/ Florence County Magistrate Division)**

19. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

20. Plaintiff is a member of a protected class on the basis of her Race (African American).

21. Plaintiff is a member of a protected class on the basis of her Sex (Female).

22. Plaintiff asserts that Chief Judge Kelley's pattern or practice of making racially hostile remarks, interactions, his demeanor, and systematically undermining Plaintiff's authority created a Racially Hostile Work Environment and were a mere pretext for the Discrimination against Plaintiff based on her race.

23. In failing to protect Plaintiff from Race Discrimination, Bullying, or Harassment, Defendant acted with malice or reckless indifference to the Federally Protected Rights set out under Title VII of the Civil Rights Act of 1964, as amended.

24. Defendants violated Title VII of Civil Rights Act of 1964, by perpetuating Race Discrimination, Bullying, and Harassment in the workplace which ultimately caused Plaintiff's termination.

25. Defendants' wrongful actions as set forth aforesaid constituted a Racially Hostile Work Environment for Plaintiff. Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by allowing a Hostile Work Environment to exist regarding Race Discrimination in the workplace.

26. As a direct and proximate result of Defendant's Discrimination of Plaintiff on the basis of Race, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

27. Defendant's Employment Discrimination of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, public scrutiny, pain and suffering, mental anguish, loss of enjoyment of life and other nonpecuniary losses.

28. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the Employment Discrimination alleged above.

29. Due to the acts of Defendants, their Agents and Employees, Plaintiff is entitled to back wages plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## SECOND CAUSE OF ACTION

### *RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964*

**(Against Defendant Florence County Government/ Florence County Magistrate Division)**

30. Plaintiff reiterates each and every allegation in the previous paragraphs as if set forth verbatim herein.

31. Plaintiff objected to and protested the violations of her Federally Protected Rights within the Defendant's administrative structure, and later, to the South Carolina Human Affairs Commission ("SCHAC").

32. After Plaintiff sought relief from Defendant's discriminatory practices, to include but not limited to, filing a complaint through the Florence County Human Resource Department, Chief Judge Kelley retaliated against her by circumventing her authority as Clerk, by undermining her position and refusing to communicate with her directly until the day he called her into his office and terminated her.

33. After Plaintiff sought relief from Defendant's discriminatory practices, to include but not limited to, filing a complaint through the Florence County Human Resource Department, Chief Judge Kelley also retaliated against her when he fired her pretextually citing disciplinary action as a sole reason for her termination when no disciplinary action was ever

verified by written warnings or verbal counseling as Chief Judge Kelley had little to no time to evaluate the standards of her work.

34. Accordingly, Plaintiff is entitled to compensatory and punitive damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, and her reasonable attorney's fees for the bringing of this action.

## THIRD CAUSE OF ACTION

### *BREACH OF CONTRACT*

**(Against Defendant Florence County Government/ Florence County Magistrate Division)**

35. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if set forth verbatim herein.

36. Upon information and belief, Defendant maintains a handbook of policies and procedures, including but not limited to, a Policy against Retaliation, an Equal Employment Opportunity Policy, and policies and procedures regarding conduct in the workplace, anti-discrimination, harassment, investigation, and others which applied to Plaintiff.

37. Plaintiff relied on Defendant's reassurance through its Agents that Defendant would act pursuant to its policies and procedures with respect to conduct in the workplace, anti-discrimination, investigation of reported violations, Harassment, and other workplace policies and procedures.

38. Plaintiff performed her job duties with due diligence. However, Defendant, through its Agents, unjustifiably failed to perform its contractual duties by Racially Discriminating against and Racially Harassing Plaintiff, failing to protect Plaintiff from the retaliatory

actions of its Agents, and retaliating against Plaintiff due to her protected complaints as stated more fully above.

39. Defendant Florence County also failed to allow Plaintiff to exercise her internal grievance rights.

40. All of these actions violate the contractual anti-discrimination provisions within Defendant's Personnel Policies Handbook (contract), its anti-discrimination and anti-harassment policies, workplace conduct policy, and other contractual policies and procedures of Defendant, when it failed to treat Plaintiff equally to its Caucasian Male Employees as stated more fully above.

41. Defendant, and its Agents, had a responsibility to ensure that Plaintiff would not be subjected to Race Discrimination. Defendant, through its Agents, instead chose not to do such, retaliated against Plaintiff when Plaintiff complained within its management structure pursuant to its own policies and procedures, and failed to treat Plaintiff similarly to her Caucasian Male counterparts under like scenarios, all in violation of the contractual guarantees provided to Plaintiff by Defendants in the employment handbook.

42. Defendant's conduct, by and through its Agents, was done in bad faith and breached the implied covenant of good faith and fair dealings that is implied in the employment contract.

43. As a result of Defendant's Breach of Contract, Plaintiff has suffered actual, compensatory, physical, mental, emotional, and consequential damages stemming from the breach and other such damages as are allowable by law.

## **<u>JURY TRIAL REQUESTED</u>**

44. Plaintiff requests a jury trial.

## PRAYER FOR RELIEF

45. **WHEREFORE**, Plaintiff prays that this Honorable Court declares that Defendants' actions complained of herein violated the rights guaranteed to Plaintiff and issue its judgment:

a. Declaring the actions complained of herein illegal;

b. In favor of Plaintiff and against Defendants for all causes of actions herein alleged in an amount which is fair, just, and reasonable, and for actual, compensatory, special, and punitive damages;

c. Issuing an injunction enjoining Defendants, their Agents, Employees, Successors, Attorneys and those acting in concert or participation with Defendants, and at their direction from engaging in the unlawful practices set forth herein and any other employment practices shown to be in violation of Title VII of the Civil Rights Act of 1964 (Race Discrimination/ Racially Hostile Work Environment / Retaliation), Breach of Contract, and the common laws of the State of South Carolina.

d. Awarding Plaintiff actual and compensatory damages for each Cause of Action contained herein as appropriate, which the jury should find appropriate as a result of Defendants' unlawful discriminatory actions taken as a result of Plaintiff's Race and other pled causes of action, including: mental anguish, pain and suffering, harm to Plaintiff's economic opportunities (present and future), any back pay, front pay and future earnings with cost of living adjustments, prejudgment interest, fringe benefits and retirement benefits;

e. Awarding Plaintiff her costs and expenses in this action, including reasonable attorney's fees, and other litigation expenses; and

f. Granting such other and further relief as may be just and necessary to afford complete

relief to the Plaintiff as this Court may deem just and proper.

Respectfully Submitted,

_____s/Donald Gist_____

Donald Gist (13098)

**GIST LAW FIRM, P.A.**

4400 North Main Street

Columbia, South Carolina 29203

Tel. (803) 771-8007

Fax (803) 771-0063

Email: dtommygist@yahoo.com

**Attorney for Plaintiff**

July 28, 2026